UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TED GERARD,

                Plaintiff,

-against-

1199 NATIONAL BENEFIT FUNDS, et al.,

                Defendants.

1:23-CV-7950 (LTS)

ORDER DIRECTING PAYMENT OF FEES OR AMENDED IFP APPLICATION

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff Ted Gerard brings this action *pro se*. To proceed with a civil action in this court, a plaintiff must either pay $402 in fees – a $350 filing fee plus a $52 administrative fee – or, to request authorization to proceed without prepayment of fees, submit a completed and signed *in forma pauperis* ("IFP") application. *See* 28 U.S.C. §§ 1914, 1915.

    "The ability to proceed IFP is a privilege provided for the benefit of indigent persons." *Cuoco v. BOP*, 328 F. Supp. 2d 463, 467 (S.D.N.Y. 2004) (internal quotation marks and citation omitted). Thus, "the court system depends on the honesty and forthrightness of applicants to ensure that the privilege is not abused." *Id.* (internal quotation marks and citation omitted). The Court must dismiss an action in which a person applies to proceed IFP if their "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). This statutory provision "serves the purpose of preventing abuse of the judicial system by weed[ing] out the litigants who falsely understate their net worth in order to obtain [IFP] status when they are not entitled to that status based on their true net worth." *Vann v. Comm'r of N.Y.C. Dep't of Corr.*, 496 F. App'x 113, 115 (2d Cir. 2012) (summary order) (internal quotation marks and citation omitted, first alteration in original). The IFP statute, 28 U.S.C. § 1915, "neither requires a litigant to demonstrate absolute destitution, nor requires dismissal for inaccuracies, misstatements, or minor misrepresentations made in good

faith." *Id.* (internal quotation marks and citations omitted). Dismissal under Section 1915(e)(2)(A) is warranted, however, "where a plaintiff conceals or misrepresents his or her financial assets or history in bad faith to obtain [IFP] status." *Id.* "[D]eliberate concealment of income in order to gain access to a court without prepayment of . . . fees" is an example of such bad faith. *Id.*

Plaintiff alleges, in his IFP application, that he is unemployed and that he is presently earning no pay or wages. He does not provide the last date of his employment or the monthly amount of his wages from his last employment. Plaintiff does assert that he does not receive any government benefits or other sources of income, and that his spouse is paying his expenses, but he also states that he has no monthly expenses. He also does not provide the amount of money that he has in any bank accounts. Plaintiff additionally states that he owns no other assets. He also does not state whether there are any individuals financially dependent on him. Finally, Plaintiff asserts that he owes credit card debt in the amount of $10,000. Because Plaintiff does not answer all of his IFP application's questions, specifically, those concerning the date of his last his employment, his monthly earnings from his last employment, whether he has any money in any bank accounts, and whether there are any individuals financially dependent on him, and is not clear as to whether he has any expenses and, if so, how they are being paid, it is unclear whether he is unable to pay the fees to bring this action.

Accordingly, within 30 days of the date of this order, Plaintiff must either pay the $402 in fees or fully complete, sign, and submit the attached amended IFP application. If Plaintiff submits the amended IFP application, it should be labeled with docket number 1:23-CV-7950 (LTS), and address the deficiencies described above by providing facts to establish that he is unable to pay the fees to bring this action. Plaintiff should answer all of the questions in his

amended IFP application. If the Court grants the amended IFP application, Plaintiff will be permitted to proceed without prepayment of fees. *See* § 1915(a)(1). The Court warns Plaintiff that the Court must dismiss this action if it determines that his "allegation of poverty is untrue." § 1915(e)(2)(A).

No summonses shall issue at this time. If Plaintiff complies with this order, this action shall be processed in accordance with the procedures of the Clerk's Office. If he fails to comply with this order within the time allowed, the Court will dismiss this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:  September 14, 2023
        New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge