```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| TED GERARD,<br><br>                Plaintiff,<br><br>          v.<br><br>1199 NATIONAL BENEFIT FUNDS, et al.,<br><br>                Defendants. | 23 Civ. 7950 (DEH)<br><br>**OPINION AND ORDER** |

DALE E. HO, United States District Judge:

      On September 7, 2023, Plaintiff Ted Gerard, proceeding *pro se*, initiated this action by filing the Complaint.[1] Plaintiff sues his former employer, the 1199 SEIU National Benefit Fund (the "Fund"), and Richard Whitter and Kevin Hurley, employees in the Human Resources ("HR") department at the Fund, regarding his termination.[2] Defendants move to dismiss.[3] For the reasons given below, Defendants' motion is **GRANTED**, though Plaintiff may seek leave to amend.

**I.    BACKGROUND**

      The following facts are taken from the Complaint and presumed to be true solely for purposes of adjudicating Defendants' motion to dismiss.[4] Because Plaintiff proceeds *pro se*, his submissions are construed liberally to raise the strongest arguments that they suggest.[5] Plaintiff attaches to the Complaint the Charge he filed with the Equal Employment Opportunity

---

[1] *See* Compl., ECF No. 1.

[2] *See* ECF No. 18.

[3] *See* ECF No. 17.

[4] *See Cornelio v. Connecticut*, 32 F.4th 160, 168 (2d Cir. 2022). In all quotations from cases, citations, footnotes, brackets, ellipses, and emphases are omitted unless otherwise indicated. All references to Rules are to the Federal Rules of Civil Procedure.

[5] *See Saeli v. Chautauqua Cnty.*, 36 F.4th 445, 457 (2d Cir. 2022).

Commission (the "EEOC"), the Fund's Position Statement filed in response to the Charge, Plaintiff's letter in rebuttal to the Position Statement, and various emails between him and Fund staff.[6] The Court considers these documents in adjudicating Defendants' motion to dismiss.[7] The Court also incorporates factual allegations made in Plaintiff's submission in opposition to the motion.[8] To the extent that any of these documents or allegations are inconsistent with each other, the Court credits the most specific evidence available, while still construing the Complaint as a whole in the light most favorable to Plaintiff, with the special solicitude afforded to *pro se* litigants.[9]

Plaintiff was employed by the Fund for over nine years, the majority of which as a data analyst.[10] Due to the COVID-19 pandemic, Plaintiff began working remotely and continued to do so through the end of his employment in November 2021.[11] Over the summer of 2021, the Fund announced that all employees would need to be vaccinated for COVID-19 by September

---

[6] *See generally* Compl.

[7] *See DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) ("In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint.").

[8] *See Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013) ("A district court deciding a motion to dismiss may consider factual allegations made by a *pro se* party in his papers opposing the motion.").

[9] *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013) ("Where, as here, the complaint was filed *pro se*, it must be construed liberally with 'special solicitude' and interpreted to raise the strongest claims that it suggests."); *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) ("[W]e draw all facts—which we assume to be true unless contradicted by more specific allegations or documentary evidence—from the Complaint and from the exhibits attached thereto."); *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1092 (2d Cir. 1995) ("General, conclusory allegations need not be credited . . . when they are belied by more specific allegations of the complaint.").

[10] *See* Compl. 13, EEOC Charge ¶ 2; Pl.'s Opp'n ("Opp'n") 3, ECF No. 28.

[11] Compl. 13, EEOC Charge ¶ 3.

17, 2021.[12] This deadline was later delayed to October 4, 2021, with any requests for an accommodation due by September 17, 2021.[13]

On August 19, 2021, Plaintiff contracted COVID-19.[14] Due to complications Plaintiff experienced from his infection, Plaintiff's cardiologist informed him that he should not receive the COVID-19 vaccine for 90 days.[15] Plaintiff's primary doctor also recommended that Plaintiff wait 90 days to receive the vaccine.[16] Plaintiff continued to have COVID-19 in early September 2021 and, in the weeks and months following through March 2022, experienced symptoms that are now known to be associated with long COVID.[17]

On August 30, 2021, Plaintiff informed the Fund's HR department that he would be unable to comply with the Fund's vaccine mandate, because "as per my doctor I will not be able to get vaccinated until 90 days after my COVID diagnosis which would be November 18, 2021."[18] In that email, he requested that someone in HR contact him about an accommodation for the vaccine requirement, and to discuss "whether it would be safe for me and staff for me to return to the office before being vaccinated since I would more than likely still have a positive result if I took another COVID test."[19] Plaintiff's email did not describe his symptoms, or state why his doctor had recommended that he wait 90 days before being vaccinated. On September

---

[12] *Id.* ¶ 4.

[13] Weinberger Aff. Ex. B, 16-17, ECF No. 19-1.

[14] *Id.* ¶ 5.

[15] Compl. 14, EEOC Charge ¶¶ 6-7.

[16] *Id.* at 8.

[17] *Id.* at 8, 42; Opp'n 4.

[18] Compl. 45.

[19] *Id.*

3

2, 2021, Plaintiff followed up on this request.[20] He again did not describe his ongoing symptoms or the reason for his doctor's recommendation in his email, but only reiterated "I have to wait 90 days after being diagnosed to take the vaccine."[21]

On September 8, 2021, Plaintiff again emailed the Fund's HR department, requesting intermittent FMLA leave due to complications from his COVID infection.[22] On September 9, 2021, Erika Jusino, an employee in HR, sent Plaintiff forms relevant for requesting FMLA leave and disability leave.[23] On September 20, 2021, Plaintiff submitted the FMLA form and stated he was "still working on the [disability leave] form."[24] Plaintiff's FMLA leave form requests intermittent leave, beginning September 20, 2021.[25] On September 22, 2021, the Fund requested a medical certification regarding Plaintiff's FMLA leave, which Plaintiff alleges that he provided on September 29.[26]

As to Plaintiff's request for an accommodation for the vaccine mandate, on September 29, 2021, the Fund told Plaintiff that unless he provided proof of vaccination by October 4, he would not be able to work in the office or remotely, effective October 5; and that if he did not provide proof of vaccination following a 30 day leave period, he would be deemed to have voluntarily resigned.[27] On September 30, 2021, Jusino emailed Plaintiff asking if he was treated

---

[20] *Id.* at 46.

[21] *Id.*

[22] *Id.* at 42.

[23] *Id.* at 57.

[24] *Id.* at 54.

[25] Opp'n 33.

[26] Compl. 14, EEOC Charge ¶¶ 12-13.

[27] *Id.* ¶¶ 15-16.

with monoclonal antibodies or convalescent plasma,[28] treatments that would make it medically necessary to delay receiving vaccination. On October 1, 2021, Jusino emailed Plaintiff again, and stated that the Fund would only honor the 90-day exception if Plaintiff had received one of the two aforementioned treatments.[29] Plaintiff responded on the same day, and stated "I think we should have a conversation or that someone in HR should reach out to my primary care provider and ask her what she told me about having to wait 90 days after having Covid to get vaccinated because it seems that I am not being believed."[30] Later the same day, Plaintiff emailed the Fund's HR department, restating that he had "no problem getting vaccinated," provided that he be given 90 days, in accordance with his doctors' instructions.[31] Defendant Kevin Hurley, an Assistant Director in HR, responded shortly thereafter, stating that the deadline to request an accommodation (with all supporting documentation) was September 17; that the Fund was not accepting further requests; and that "although [Plaintiff] did not submit a formal request, [the Fund] conferred with our medical consultants and confirmed that your request would not be approved based on the information [Plaintiff] provided."[32]

On October 6, 2021, Plaintiff submitted a note dated October 5, from Sonia Deora, D.O., stating that "Patient should get COVID vaccine 90 days after his infection which was on 8/19/2021."[33] The note contains no other information; it did it offer an explanation for Plaintiff's

---

[28] *Id.* at 50.

[29] *Id.*

[30] *Id.*

[31] *Id.* at 48.

[32] *Id.* at 49.

[33] *Id.* at 51.

requested accommodation, not did it make any reference to Defendants' request for information as to whether Plaintiff had been treated with monoclonal antibodies or convalescent plasma.[34]

On October 5, 2021, the Fund placed Plaintiff on leave, effective immediately, giving him the opportunity to use accrued sick time.[35] On October 21, 2021, this leave was converted into unpaid leave and extended by 30 days to allow Plaintiff to "consider whether [he] will comply with the Policy."[36]

Plaintiff was vaccinated on November 19, 2021.[37] Plaintiff states that he informed his direct supervisor that he was vaccinated on November 19.[38] On November 27, 2021, Plaintiff emailed the Fund stating he had not "heard back from anyone regarding my FMLA or return to work" and asking for information "about the status of my job."[39] On December 1, 2021, Hurley emailed Plaintiff that because the Fund had not received any proof of vaccination, his employment ended effective November 19, 2021, but if Plaintiff provided proof of vaccination by December 3, he would be reinstated.[40] Hurley further stated that Plaintiff's FMLA leave request could not be considered because he was on employment leave, but "[o]nce [he was] reinstated, [his] FMLA leave will be granted, assuming [he] still need[s] it."[41] Plaintiff responded to this email by directing Hurley to his counsel.[42]

---

[34] *Id.*

[35] *See id.* at 22.

[36] Compl. 43.

[37] *Id.* at 58. Defendants state that they were first provided with the proof of vaccination at the filing of the Complaint. *See* Mem. of L. in Supp. of Mot. to Dismiss 6, ECF No. 18.

[38] Opp'n 10.

[39] *Id.* at 54.

[40] Compl. 44.

[41] *Id.*

[42] *Id.*

On January 12, 2022, Plaintiff filed a Charge with the EEOC.[43] On June 30, 2023, at Plaintiff's request, the EEOC issued a dismissal of the Charge and notice of Plaintiff's right to sue.[44] This lawsuit followed.

## II.   LEGAL STANDARDS

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[45] "In assessing the complaint, [a court] must construe it liberally, accepting all factual allegations therein as true and drawing all reasonable inferences in the plaintiffs' favor."[46] However, the court must disregard any "conclusory allegations, such as 'formulaic recitations of the elements of a cause of action.'"[47] When reviewing *pro se* pleadings, a Court must interpret them to raise the "strongest arguments that they suggest."[48]

## III.   DISCUSSION

Plaintiff alleges discrimination on the basis of disability under the Americans with Disabilities Act (the "ADA"), the New York State Human Rights Law (the "NYSHRL"), and the New York City Human Rights Law (the "NYCHRL") and because he exercised rights under the Family and Medical Leave Act (the "FMLA").[49] Plaintiff also refers to the "NYSPSL" in his Opposition, which the Court construes as a reference to the New York State Permanent Sick

---

[43] Compl. 16.

[44] *Id.* at 9.

[45] *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 106 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

[46] *Id.* at 106-07.

[47] *Id.* at 107 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[48] *Triestman v. Fed. Bureau of Prisons*, 470. F.3d 471, 474 (2d Cir. 2006).

[49] Compl. 4.

Leave Law, N.Y. Lab. § 196-B.[50] Plaintiff alleges that Defendants terminated his employment and otherwise discriminated against him on the basis of his disability, and that they did not accommodate his disability (or engage in a cooperative dialogue about accommodation).[51] He also alleges that Defendants delayed deciding or denied requests for FMLA leave, and that the denial of his accommodation to the COVID-19 vaccine requirement violated the FMLA.[52] For the reasons given below, Defendants' motion is granted.

A.    **Disability Discrimination**

Plaintiff's claims for discrimination on the basis of disability fail. To state a disability-based discrimination claim, the ADA, NYSHRL, and NYCHRL each require an employer either to take some adverse action on the basis of an employee's disability or to fail to provide a reasonable accommodation of the employee's disability.[53] The provisions of the NYCHRL must "be construed liberally for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws . . . have been so construed."[54] "Following a set of 2019 amendments to the NYSHRL, the standard for

---

[50] Opp'n 1, 18, 27.

[51] Compl. 5.

[52] *See* Opp'n 7-8

[53] *See Kopchik v. Town of E. Fishkill*, 759 F. App'x 31, 37 (2d Cir. 2018) ("The elements of a discrimination claim under the ADA [include] . . . [the employee] suffered an adverse employment action[] and . . . the adverse action was imposed because of [his] disability."); *Kirkland-Hudson v. Mt. Vernon City Sch. Dist.*, 665 F. Supp. 3d 412, 457 (S.D.N.Y. 2023) ("Discrimination claims [under the NYSHRL] may be brought under a theory of adverse employment action or of failure to provide reasonable accommodation."); *Gonzalez v. City of New York*, 377 F. Supp. 3d 273, 301 (S.D.N.Y. 2019) ("[T]o plead a claim of disability discrimination under the NYCHRL, a plaintiff must allege that he was treated 'less well' because of his disability." (quoting *Mihalik v. Credit Agricole Cheuvreux N. Am. Inc.*, 715 F.3d 102, 115 (2d Cir. 2013))).

[54] *Mihalik*, 715 F.3d at 109.

NYSHRL claims is closer to the standard of the NYCHRL," and therefore any potential NYSHRL claims "rise and fall with [Plaintiff's] NYCHRL claims."[55]

In substance, Plaintiff alleges that, in being placed on unpaid leave and eventually terminated, he was discriminated against on the basis of his disability arising from COVID. He further alleges the was subject to a hostile work environment due to his disability, and that he was not provided a reasonable accommodation in the form of a 90-day extension of time to receive the COVID-19 vaccine. And he alleges that Defendants failed to engage in a cooperative dialogue regarding his requested accommodation.

The facts assumed to be true for purposes of adjudicating this motion establish that Plaintiff's unpaid leave and termination resulted from his failure to comply with the Fund's vaccination policy, rather than discrimination on the basis of disability. Even under the particularly lenient standards of the NYCHRL and amended NYSHRL, as well as the ADA, Plaintiff fails to allege facts to support a claim of disability discrimination. Plaintiff's allegations further establish that Plaintiff ultimately received his requested accommodation for a delay in vaccination: he received his COVID vaccination 90 days after his infection, which was after his employer's deadline, and he was reinstated to employment after that time. Finally, Plaintiff has not adequately alleged that Defendants failed to engage in any cooperative dialogue under the relevant laws.

### 1. Adverse Employment Actions

First, Plaintiff does not allege facts in support of a discrimination claim based on the adverse actions of his placement on leave and his termination. Under the Fund's vaccine mandate, Plaintiff was required to receive the first dose of the COVID-19 vaccine by October 4,

---

[55] *Nofal v. IMCMV Times Square LLC*, No. 22 Civ. 3104, 2024 WL 1138928, at *4 (S.D.N.Y. Mar. 15, 2024).

2021.[56]  On September 30, in response to Plaintiff's request for an extension of time to comply with the vaccine mandate, Jusino asked whether he was treated with monoclonal antibodies or convalescent plasma.[57]  On October 1, Plaintiff stated that the Fund's HR department "should reach out to [his] primary care provider."[58]  He did not provide a document requested by his employer.[59]  Then, after the October 4, 2021 deadline for vaccination passed, Plaintiff was placed on administrative leave on October 5, 2021.[60]  This leave was extended on October 20, 2021, in an email noting that the leave was unpaid and would last up to 30 days.[61]  On November 19, 2021, the Fund terminated Plaintiff's employment.[62]  The facts assumed to be true for purposes of adjudicating Defendants' motion establish that the leave and termination were due to Plaintiff's failure to comply with the Fund's vaccine mandate, rather than discrimination on the basis of Plaintiff's disability.

These facts, even liberally construed in favor of Plaintiff as the non-moving party, do not establish disability discrimination.  "[W]here an employee fails to provide documentation sufficient to allow an employer to assess the parameters of the employee's disability, ADA liability simply does not follow."[63]  The interactive dialogue process contemplated by the ADA

---

[56] Compl. 14, EEOC Charge ¶ 15.

[57] *Id.* at 50.

[58] *Id.*

[59] In his EEOC charge, Plaintiff alleges that he provided medical certification regarding his request for an accommodation to the vaccine requirement.  *See* Compl. 14, EEOC Charge ¶¶ 12-13.  However, the relevant email (sent at 1:53 P.M., as alleged in the EEOC charge) indicates that those emails concerned his request for FMLA leave, rather than an accommodation to the vaccine mandate.  *See* Opp'n 36.

[60] Compl. 14, EEOC Charge ¶ 15.

[61] Opp'n at 53.

[62] *Id.* at 55.

[63] *Monterroso v. Sullivan & Cromwell, LLP*, 591 F. Supp. 2d 567, 579 (S.D.N.Y. 2008).

involves an employer "requesting information about the condition" that requires an accommodation.[64]  "[E]ven under the more liberal NYCHRL standard (and therefore under the NYSHRL as well), it is still necessary that the plaintiff allege that he was treated less well because of his disability."[65]  Here, Plaintiff requested an accommodation to the vaccination requirement; the Fund inquired about the medical need for such accommodation, specifically asking for information about treatments that would have made it medically necessary to delay vaccination; and Plaintiff failed to provide any such information, instead directing the Fund to his doctors.  That Plaintiff was then placed on leave does not suggest he was treated "less well" because of his disability.[66]

After being placed on leave, Plaintiff provided a doctor's note—but even then, the note was a single sentence restating Plaintiff's requested accommodation without providing an explanation for it (i.e., that his request was due to long COVID symptoms, rather than a particular course of treatment that Defendants had inquired about).[67]  The Court addresses Plaintiff's reasonable accommodation claim in more detail below, but for now notes that while his requested accommodation of a delay in receiving vaccination does not appear unreasonable,

---

[64] *See Sheng v. M&TBank Corp.*, 848 F.3d 78, 87 n.3 (2d Cir. 2017).

[65] *Baluch v. 300 W. 22 Realty, LLC*, No. 21 Civ. 9747, 2023 WL 112547, at *6 (S.D.N.Y. Jan. 5, 2023).

[66] *See Lettieri v. Anti-Defamation League Foundation*, No. 22 Civ. 9889, 2023 WL 5152447, at *7 (S.D.N.Y. Aug. 10, 2023) ("Whether a claim in a complaint is cast as alleging discrimination or hostile work environment, the defendant's offending conduct must have been keyed to a protected characteristic of the plaintiff.").

[67] Opp'n 51.

Plaintiff's allegations do not establish that he adequately explained or provided sufficient documentation to Defendants regarding the basis for his request.[68]

Ultimately, because Plaintiff did not provide proof of vaccination, he was terminated.[69] But as with his being placed on leave, Plaintiff's termination does not suggest that he was treated "less well" because of his disability. Generally-applicable COVID-19 vaccine mandates have been repeatedly upheld as permissible conditions of employment,[70] and Plaintiff includes no allegations that his disability, rather than the Fund's generally-applicable vaccine mandate, was the cause of his termination.

That Plaintiff received the vaccine on November 19 and informed his supervisor of that fact does not change this result. First, it is still clear on Plaintiff's allegations that he received the vaccine outside the period he initially requested.[71] As to Plaintiff's allegation that he informed his supervisor that he had received the vaccine, Hurley emailed Plaintiff on December 1 that "[i]f you submit proof of your initial COVID-19 vaccine dose by Friday, you will be reinstated within

---

[68] *Cf. Lee v. Saul*, No. 19 Civ. 6553, 2022 WL 1051216, at *8 (S.D.N.Y. Feb. 10, 2022) (recommending dismissal where medical documentation submitted by plaintiff consisted of "a brief note from his doctor stating that he required a leave of absence," which "was not sufficient to demonstrate that he was incapacitated and incapable of working"), *report and recommendation adopted*, No. 19 Civ. 6553, ECF No. 51 (March 23, 2022); *Julius v. Dep't of Hum. Res. Admin.*, No. 08 Civ. 3091, 2010 WL 1253163, at *10 (S.D.N.Y. Mar. 24, 2010) (granting summary judgment where the plaintiff failed to submit supporting documentation in support of accommodation request).

[69] *Id.* at 55.

[70] *See Beickert v. N.Y.C. Dep't of Educ'n*, No. 22 Civ. 5265, 2023 WL 6214236, at *4 (E.D.N.Y. Sept. 25, 2023) ("Courts in this Circuit have found that vaccination against COVID-19 . . . is a proper condition of employment." (collecting cases)).

[71] *See* Opp'n 30 (requesting until November 18, 2021, to be vaccinated).

2 business days. Proof can be emailed directly to me."[72] Rather than doing so, Plaintiff stated that he "will let my attorney deal with you from now on."[73]

Plaintiff was also previously instructed that when sending communications about his FMLA leave, "please do not include your management[]" and that he should contact only HR staff.[74] Plaintiff's filings contain no allegations that he ever communicated his vaccination status to the Fund's HR staff.

In sum, Plaintiff does not allege facts suggesting that the series of adverse employment actions, including being placed on leave and eventually terminated, were due to his medical conditions, rather than his failure to receive the COVID-19 vaccine and/or to provide adequate documentation to his employer.[75] Accordingly, the Complaint does not allege facts to support a disability discrimination claim on the basis of adverse employment actions.

### 2. Reasonable Accommodation

Next, any claims predicated on the denial of a reasonable accommodation fail because Plaintiff was offered the accommodation he sought. To establish a claim for failure to provide a reasonable accommodation under the ADA, NYSHRL, and NYCHRL, an employee must show

---

[72] *Id.* at 55.

[73] Compl. 44.

[74] Opp'n 35.

[75] It is also for this reason that Plaintiff's hostile work environment claim fails. *See* Compl. 5. "In order to succeed on a NYCHRL hostile work environment claim, a plaintiff must show that []he was treated less well than other employees on the basis of a protected characteristic." *Jones-Cruz v. Rivera*, No. 19 Civ. 6910, 2022 WL 20437017, at *17 (S.D.N.Y. Oct. 28, 2022). The NYCHRL offers the most employee-friendly standard. *See Mihalik*, 715 F.3d at 109 (noting that the NYCHRL "created a one-way ratchet, by which interpretations of state and federal civil rights statutes can serve only as a floor below which the City's Human Rights law cannot fall."). Plaintiff offers no basis to conclude he was treated less well due to his disabilities, and therefore does not establish a hostile work environment claim under the NYCHRL or any other law.

"the employer has refused to make [a reasonable] accommodation[]."[76] Here, Plaintiff requested an accommodation of an extension of time to receive the COVID-19 vaccine to 90 days after he was diagnosed.[77] His COVID-19 infection began on August 19, 2021.[78] In his initial email requesting the accommodation, he requested until November 18, 2021, to be vaccinated.[79] The Fund gave Plaintiff until November 19, 2021, to be vaccinated, and later extended this time to December 3, 2021.[80] In other words, the record indicates that Plaintiff's medical condition was accommodated.

To the extent Plaintiff argues that he should not have been placed on leave while delaying vaccination as recommended by his doctor, any such claim fails for the same reason as his discrimination claim—i.e., Plaintiff failed to provide adequate explanation and documentation for his requested accommodation, as required by his employer. Accordingly, Plaintiff has failed to state an accommodation claim.

### 3. Cooperative Dialogue

"[A] failure to engage in the interactive process is independently actionable as a separate claim under the NYCHRL."[81] "[O]nce a defendant is on notice of a plaintiff's disability, it is required to engage in an interactive process with the employee in order to arrive at a reasonable

---

[76] *Noll v. Int'l Bus. Machines Corp.*, 787 F.3d 89, 94 (2d Cir. 2015) (ADA and NYSHRL); *Goldman v. Sol Goldman Invs. LLC*, No. 20 Civ. 6727, 2022 WL 6564021, at *8 (S.D.N.Y. Aug. 5, 2022) (NYCHRL).

[77] Compl. 55.

[78] *Id.* at 51.

[79] *Id.* at 45.

[80] *Id.* at 44.

[81] *Greenbaum v. N.Y.C. Transit Auth.*, No. 21-1777, 2022 WL 3347893, at *5 (2d Cir. Aug. 15, 2022) (quoting the NYCHRL that "it shall be an unlawful discriminatory practice for an employer . . . to . . . fail to engage in a cooperative dialogue . . . with a person who has requested an accommodation . . . [r]elated to a disability").

accommodation."[82]  Here, the facts show that Plaintiff requested an accommodation with respect to the Fund's vaccine requirement in the form of a delay, and the Fund responded by asking for more information about the medical need for the accommodation.[83]  "An adequate interactive process can involve . . . requesting information about the condition and what limitations the employee has."[84]  In response, Plaintiff requested further discussion, but did not provide more information about his medical needs.[85]  He also submitted a doctor's note; however, that too only stated the requested accommodation, rather than explaining the basis for it.[86]  At worst, there appears to have been some sort of miscommunication between Defendants—who asked for information about one particular reason for delaying COVID vaccination (i.e., receiving certain treatments like monoclonal antibodies)—and Plaintiff—who repeated his request for a delay but does not appear to have explained the basis for his request, which was different from the one that the Defendants were inquiring about.  In any event, taken together, the facts do not indicate that Defendants failed to engage in an interactive process for purposes of the NYCHRL.  "[T]he NYCHRL requires only that Defendants engage in an interactive process . . . ; it does not require that the individual be satisfied with that process or that the process result in the individual's preferred accommodation."[87]

    **B.**    **FMLA Claims**

Plaintiff's claims under the FMLA also fail.  "The FMLA gives eligible employees an

---

[82] *Cadet v. Alliance Nursing Staffing of N.Y., Inc.*, 632 F. Supp. 3d 202, 238 (S.D.N.Y. 2022).

[83] Compl. 50.

[84] *Frilando v. N.Y.C. Transit Auth.*, 513 F. Supp. 3d 356, 365 (S.D.N.Y. 2021).

[85] Compl. 50.

[86] *Id.* at 51.

[87] *Stuart v. T-Mobile USA, Inc.*, No. 14 Civ. 4252, 2015 WL 4760184, at *11 (S.D.N.Y. Aug. 12, 2015).

entitlement to twelve workweeks per year of unpaid leave because of a serious health condition that makes the employee unable to perform the functions of the position of such employee."[88] The FMLA makes it unlawful for employers "to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under [the FMLA]."[89] "To succeed on a claim of FMLA interference, a plaintiff must establish that the defendant denied or otherwise interfered with a benefit to which she was entitled under the FMLA."[90] "Retaliation claims [under the FMLA] . . . involve an employee actually exercising her rights or opposing perceived unlawful conduct under the FMLA and then being subjected to some adverse employment action by the employer."[91]

In substance, Plaintiff alleges that (1) Defendants delayed responding to his September 20, 2021, request for FMLA leave and that (2) denying him a 90-day extension of time to get vaccinated and denying his cardiologist's request for more time to assess Plaintiff's condition violated the FMLA. "When an employee requests FMLA leave . . . the employer must notify the employee of the employee's eligibility to take FMLA leave within five business days, absent extenuating circumstances."[92] However, "[a] mere administrative delay in approving a leave request does not amount to interference unless a plaintiff shows that [he] was harmed as a result of the delay, and did not take FMLA days because [he] lacked the approval."[93] Plaintiff alleges that although he applied for FMLA leave on September 20, 2021, Defendants did not act on his

---

[88] *Arroyo-Horne v. City of N.Y.*, 831 F. App'x 536, 538-39 (2d Cir. 2020).

[89] 29 U.S.C. § 2615(a)(1).

[90] *Graziadio v. Culinary Inst. of Am.*, 817 F.3d 415, 424 (2d Cir. 2016).

[91] *Woods v. START Treatment & Recovery Ctrs.*, 864 F.3d 158, 166-67 (2d Cir. 2017).

[92] 29 C.F.R. § 825.300(b)(1).

[93] *Tieu v. N.Y.C. Econ. Dev. Corp.*, No. 21 Civ. 5951, 2024 WL 580063, at *11 (S.D.N.Y. Feb. 13, 2024), *appeal filed* No. 24-519 (2d Cir. Mar. 15, 2024).

requests.[94]  Plaintiff's September 20, 2021, FMLA request sought intermittent leave due to complications from his COVID-19 infection.  Plaintiff was placed on leave beginning October 5, 2021, due to his non-compliance with the Fund's vaccine policy and, in a later email, Hurley clarified that this request for intermittent leave under the FMLA would be processed after Plaintiff returned to work (upon providing proof of vaccination).[95]  Plaintiff does not provide any allegations regarding leave he wished to take in the period from September 25 to October 5, meaning he does not allege any injury suffered as a result of Defendants' failure to apprise him of his eligibility under the FMLA.  Accordingly, Plaintiff's allegations of Defendants' delay do not support a claim of interference under the FMLA.

Plaintiff's allegations regarding an extension of time to comply with the Fund's vaccine mandate do not raise a claim under the FMLA because the FMLA only provides an employee with the right to go on unpaid leave, if certain criteria are met.  "The FMLA says nothing about an employer's ability to 'force' an employee to take . . . leave and such forced leave, by itself, does not violate any right provided by the FMLA."[96]  Here, Plaintiff was placed on unpaid leave and eventually terminated due to his failure to comply with the Fund's vaccine policy.  This does not implicate the FMLA.

### C.     NYSPSL

Plaintiff also cites to the New York Permanent Sick Leave Law.[97]  Under this law, passed in response to the COVID-19 pandemic, employers must offer their employees paid sick leave.[98]

---

[94] Opp'n 2.

[95] *Id.* at 55.

[96] *Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 175 (2d Cir. 2006).

[97] *See* Opp'n 1.

[98] *See* N.Y. Lab. § 196-B(1) ("Every employer shall be required to provide its employees with sick leave as follows: . . .").

Plaintiff alleges in his opposition that he was not allowed to use paid sick leave.[99] However, as discussed with respect to Plaintiff's FMLA claims, Plaintiff does not include any allegations regarding leave he requested and was unable to take. To the extent he argues that under the NYSPSL, his leave following October 20 should have been paid, this argument fails because employers may lawfully impose compliance with a vaccine mandate as a condition of employment, meaning his non-compliance rendered him outside the scope of the law's protection.[100]

\*   \*   \*

It is hereby **ORDERED** that Defendants' motion to dismiss is **GRANTED.** This dismissal is without prejudice, as Plaintiff proceeds *pro se* and has not yet amended his pleadings. Although leave to amend may be denied when amendment would be futile, in light of Plaintiff's *pro se* status, he may file a letter, attaching a proposed first amended complaint (a "proposed FAC"), within **30 days** of the date of this Opinion. The proposed FAC will replace, not supplement, the Complaint and Opposition. If no such proposed FAC is received, the action may be dismissed with prejudice.

The Clerk of Court is respectfully directed to close the motion at ECF No. 17.

SO ORDERED.

Dated: September 13, 2024
New York, New York

DALE E. HO
United States District Judge

---

[99] Opp'n 18.

[100] *See Beickert*, 2023 WL 6214236, at \*4.