UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Ted Gerard,<br><br>                    Plaintiff(s),<br><br>          v.<br><br>1199 National Benefit Funds, et al.,<br><br>                    Defendant(s). | |

23-CV-7950 (DEH)

ORDER

DALE E. HO, United States District Judge:

On November 7, 2025, this Court issued an Opinion and Order,[1] granting in part and denying in part Plaintiff's Motion for Reconsideration.[2]  On November 13, 2025, Plaintiff filed a renewed Motion for Reconsideration, alleging that the Court erred in its determination that claims against Defendants for alleged denial of accommodations under the ADA after December 1, 2021 must remain dismissed because Defendants offered to reinstate Plaintiff on that date.[3]  In his argument, Plaintiff also appears to renew his motion for reconsideration with regard to (1) his FMLA claims,[4] and (2) the Court's finding that there is no individual liability for Defendant Kevin Hurley under the ADA, FMLA, NYSHRL, and NYCHRL.[5]  Finally, Plaintiff appears to raise, for the first time, a claim that Defendants failed to continue to provide him healthcare benefits after they terminated him on November 19, 2021, in violation of the FMLA.[6]

---

[1] Mot. Recons. Op. & Order, ECF No. 41.

[2] ECF No. 35.

[3] ECF No. 42.

[4] Renewed Mot. Recons. at 1-3.

[5] *Id.* at 3.

[6] *Id.* at 2-3; 29 C.F.R. § 825.209.

Plaintiff points to no allegations, and does not provide any additional facts, that show Defendants denied any requested accommodations to Plaintiff after December 1, 2021, when Defendants offered to reinstate Plaintiff.  Plaintiff also does not allege any facts that show injury suffered from Defendants' failure to provide him with requested leave under the FMLA during the period between September 25, 2021 to October 5, 2021.[7]  Further, though Plaintiff may feel strongly that Defendant Hurley wronged him, that does not change the law: there is no individual liability under the ADA, and "[t]he Court is aware of no authority indicating that individual liability is permitted for parallel reasonable accommodation claims under the NYSHRL or NYCHRL."[8]  Thus, for the same reasons articulated in the Court's November 7 Opinion and Order, Plaintiff's renewed Motion for Reconsideration is **DENIED.**

The Court construes Plaintiff's allegation that Defendants failed to continue to provide him healthcare benefits in violation of the FMLA as a renewed Motion to Amend.  Plaintiff contends that Defendants have "a standard 30-day continuation policy of healthcare benefits that it applies to separated employees" and that "[t]he premature cutoff of medical coverage deprived [him] of benefits during what should have been a health-related accommodations process."[9]  Because the FMLA does not require employers to provide benefits after an employee is terminated, only while an employee is on FMLA leave—and there is no apparent dispute as to whether Plaintiff continued to have coverage before November 19, 2021, Plaintiff fails to allege facts sufficient to state a claim,

---

[7] As discussed in the Court's Motion to Dismiss Opinion and Order, ECF No. 31, October 5, 2021 was the date Plaintiff was placed on leave and told that his request for intermittent leave under FMLA would be processed after he returned to work.  *Id.* at 17.

[8] Mot. Recons. Op. & Order at 14 n.63.  Plaintiff also alleges that Defendant Hurley is individually liable under FMLA, but because Plaintiff's FMLA claims are dismissed, this issue is moot.  Renewed Mot. Recons. at 3.

[9] Renewed Mot. Recons. at 2-3.

and the Motion to Amend is **DENIED.**[10]  Having now considered two motions for reconsideration from Plaintiff, the Court will not consider any such additional motions absent some sort of material change in circumstances.

The Court's November 7, 2025 Opinion and Order continues to be the operative order with respect to the remaining claims.

SO ORDERED.

Dated:  December 10, 2025
        New York, New York

_____
DALE E. HO
United States District Judge

---

[10] *See generally* 29 C.F.R. § 825.209(a) ("During any FMLA leave, an employer must maintain the employee's coverage under any group health plan . . . on the same conditions as coverage would have been provided if the employee had been continuously employed during the entire leave period."); *id.* at § 825.209(f) ("[A]n employer's obligation to maintain health benefits during leave . . . under FMLA ceases if and when . . . the employee fails to return from leave.").