UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TED GERARD,

Plaintiff,

v.

1199 NATIONAL BENEFIT FUNDS, et al.,

Defendants.

23 Civ. 7950 (DEH)

**MEMORANDUM
OPINION AND ORDER**

DALE E. HO, United States District Judge:

Before the Court is Plaintiff Ted Gerard's third motion for reconsideration ("Third Recons. Mot."). ECF No. 58. The Court assumes that readers of this Opinion are familiar with the facts of this case as set forth in its prior orders in this case, including its Order granting Defendants' motion to dismiss, ECF No. 31; its Order granting in part and denying in part Plaintiff's first motion for reconsideration ("First Recons. Mot. Order"), ECF No. 41; and its Order denying Plaintiffs' second motion for reconsideration, ECF No. 53. For the reasons that follow, Plaintiff's third motion for reconsideration is **DENIED**.

## LEGAL STANDARDS

"A motion for reconsideration is an extraordinary request that is granted only in rare circumstances, such as where the court failed to consider evidence or binding authority." *Van Buskirk v. United Grp. Of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019). "[T]he . . . standard for a district court to grant such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked and might reasonably be expected to alter the conclusion reached by the court." *Smith v. CVS Albany, LLC*, No. 20 Civ. 4000, 2022 WL 3022526, at *1 (2d Cir. Aug. 1, 2022). Courts also grant reconsideration to "correct a clear error or prevent manifest injustice." *Schoolcraft v. City of New*

*York*, 298 F.R.D. 134, 136 (S.D.N.Y. 2014).  That said, a motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple."  *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012); *accord Dill v. JPMorgan Chase Bank, N.A.*, No. 19 Civ. 10947, 2021 WL 3406192, at *11 (S.D.N.Y. Aug. 4, 2021).

## DISCUSSION

The essence of Mr. Gerard's Third Reconsideration Motion is that, in granting his first reconsideration motion, this Court erred by limiting his claims to the relevant period prior to December 1, 2021.  On that date, Defendant 1199 SEIU National Benefit Funds (the "Fund") emailed Mr. Gerard telling him that, because the Fund had not received his proof of COVID-19 vaccination, his employment ended effective November 19, 2021, but added that if he provided such proof by December 3, he would be reinstated.  Pl.'s Resp. to Defs.' Mot. to Dismiss ("Pl.'s Opp'n") at 55, ECF No. 28; Proposed FAC at 11, ECF No. 34.  Mr. Gerard argues, *inter alia*, that the Court erred in limiting damages beyond that date.

As an initial matter, Mr. Gerard is correct that the Court erred in stating that he "responded to this email by directing Hurley to his counsel."  First Recons. Mot. Order at 6.  That statement was based on the Court's review of Mr. Gerard's voluminous filings, which contained a draft email to that effect—but which Mr. Gerard apparently never actually sent.  *See* Third Recons. Mot. at 2-3.  The Court acknowledges this error, and notes for the record that Mr. Gerard does not allege, and the record before the Court does not establish that, he responded to the December 1, 2021 email from the Fund.

But this error does not change the Court's final analysis.  Mr. Gerard was offered reinstatement to employment (and was further told that, upon reinstatement, his FMLA leave would be granted if he still needed it).  As the Supreme Court has held, "absent special

circumstances, the rejection of an employer's unconditional job offer ends the accrual of potential backpay liability." *Ford Motor Co. v. E. E. O. C.*, 458 U.S. 219, 241 (1982). Here, the Fund offered to reinstate Mr. Gerard, but he rejected the offer by not responding before the December 3, 2021 deadline. Under governing precedent, any claims for damages after December 1, 2021 are therefore foreclosed.

Mr. Gerard makes two arguments in response. First, he argues that the request for proof of vaccination was "an unreasonable condition" for reinstatement under the facts of this case. Third Recons. Mot. at 3. But the offer was still "unconditional" within the meaning of applicable law. "[A]s the rule in *Ford Motor Co. v. EEOC* is interpreted in this Circuit, an offer of reinstatement is understood to be unconditional where the discharged employee is not required to compromise his claims against the defendant as a prerequisite to returning to work." *Jernigan v. Dalton Mgmt. Co., LLC*, 819 F. Supp. 2d 282, 292 (S.D.N.Y. 2011) (internal quotation marks and citation omitted). Under *Jernigan*, the Fund's reinstatement offer was "unconditional," because it did not require Mr. Gerard to compromise his reasonable accommodation claim in any way— indeed, as he alleges, he was already vaccinated at this point.

Mr. Gerard argues that two days was an unreasonable deadline, but he offers no authority to support that proposition or any reason why he could not have simply forwarded his proof of vaccination to the HR Department, as he alleges he had done only days earlier to his supervisor. Third Recons. Mot. at 2. Mr. Gerard further argues that, at this point, he should not have been required to produce proof of vaccination a second time, which he says was confusing and the product of a "paperwork screwup" attributable to the Fund rather than to his own actions. *Id.* at 3. But even if the situation was somewhat confusing, that does not change the fact that the reinstatement offer was "unconditional" under *Jernigan*, and that he rejected it, thus foreclosing any claim for damages beyond that point.

3

Second, Mr. Gerard argues that a jury could find that he did not reject the offer of reinstatement, alluding to "[s]ubsequent communications that *may* have occurred between the Fund and Mr. Gerard/his attorneys [that] are not before the Court." *Id.* at 3-4 (emphasis added). But the Court cannot base its decision on allegations that are not before it. In fact, the Motion makes clear that he rejected the reinstatement offer, as it avers that Mr. Gerard never responded to the December 1 email at all (let alone by the December 3 deadline). *See id.* at 3. Accordingly, the allegations support the conclusion that Mr. Gerard rejected the offer of reinstatement, thus limiting his damages to the relevant period before that point in time.

## CONCLUSION

For the reasons stated above, the Third Motion for Reconsideration is **DENIED**.


SO ORDERED.

Dated: June 11, 2026
New York, New York

                                                    DALE E. HO
                                     United States District Judge